# UNITED STATES DISTRICT COURT

for the

District of Delaware

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

(1) A Purple iPhone 13 in a clear case; (2) A Black Cloud Mobile cellular phone; and (3) A Black Nokia cellular phone with cracked screen, All Currently In The Custody Of Law Enforcement

Case No. 23- 510M

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the ________ District of Delaware, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❒ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 371, 2312, and 1201 | Conspiracy, Transportation of Stolen Vehicles, and Kidnapping |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* ________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Joseph Oliver
*Applicant's signature*

Joseph M. Oliver, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: December 5, 2023

Christopher J. Burke
*Judge's signature*

City and state: Wilmington, DE

Hon. Christopher J. Burke, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT**

I, Joseph M. Oliver, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. Since November 29, 2023, the Federal Bureau of Investigation ("FBI"), and the New Castle County Police Department ("NCCPD") have been investigating the theft of a motor vehicle and kidnapping of a one-year-old female from Newark, Delaware. During the investigation, law enforcement identified RANDY PURNELL ("PURNELL") and AARON DOUGLAS ("DOUGLAS") as being involved in the kidnapping as a result of the theft of a 2010 Nissan Altima bearing Delaware registration 562644 (hereinafter "the Stolen Vehicle") at or about 5:26pm on November 29, 2023 from 60 South Gerald Drive in Newark, Delaware. PURNELL and DOUGLAS ultimately transported the vehicle—and child—from Newark, Delaware to Philadelphia, Pennsylvania.

**DEVICES TO BE SEARCHED**

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the following property that is currently in the custody of law enforcement, and the extraction from that property of the electronically stored information described in Attachment B.

3. This affidavit outlines the probable cause in support of the search of cellular devices, as described below, which are believed to have been used by PURNELL and DOUGLAS in furtherance of the interstate transportation of the Stolen Vehicle. The description of the TARGET DEVICES is as follows. All three are cellular phones:

| ***Target Device*** | ***Reference*** |
|---|---|
| Purple iPhone 13 in a clear case | TARGET DEVICE-1 |
| Black Cloud Mobile cellular phone | TARGET DEVICE-2 |
| Black Nokia cellular phone with cracked screen | TARGET DEVICE-3 |

4. The devices are currently in the custody of the NCCPD, at the New Castle County Police Evidence Detection Unit, 3601 Dupont Highway, New Castle, Delaware.

5. Based on the following, there is probable cause to believe that PURNELL and DOUGLAS were engaged in a criminal conspiracy to transport a stolen vehicle across state lines, from Delaware to Pennsylvania, in violation of Title 18, United States Code, Sections 371 and 2312 (Transportation of Stolen Vehicles) ("the TARGET OFFENSES"). There is further probable cause to believe that PURNELL and DOUGLAS engaged in kidnapping, in violation of Title 18, United States Code, Section 1201 (including attempt). Lastly, there is probable cause to believe that the TARGET DEVICES will contain evidence of the TARGET OFFENSES.

**AGENT BACKGROUND**

6. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

7. I am a duly sworn member of the FBI and have been so employed since March 1999. I am currently assigned to the Baltimore Field Office of the FBI, in Wilmington, Delaware. I participated in new agent training at the FBI Academy in Quantico, Virginia. While employed by the FBI, I have investigated federal criminal violations related to gangs, bank robbery, drug

trafficking, firearms trafficking, kidnapping, interstate transportation of stolen property, and fugitives.

8. Since January 2013, I have been assigned to the FBI's Delaware Violent Crimes/Safe Streets Task Force ("DVCSSTF"), which investigates violations of federal crimes and firearms statutes. I am responsible for investigations involving unlawful activities, to include drug smuggling/trafficking, kidnapping offenses, and violent crime occurring in the District of Delaware.

9. I have actively participated in investigations of criminal activity, including but not limited to the investigation of interstate transportation of stolen property. During these investigations, I have also participated in the execution of search warrants and the seizure of evidence relating to stolen property. As a Special Agent of the FBI, I have testified under oath, affirmed applications of search and arrest warrants, and participated in and gained experience in Title III wire intercept investigations for the enforcement of federal laws. As a Special Agent of the FBI, I have personally conducted, supervised, and participated in investigations which have resulted in the arrest and convictions of numerous individuals responsible for committing violent crimes. Based on my training and experience, I have become knowledgeable about the criminal statutes of the United States, particularly those relating to violent crime.

10. The facts in this affidavit come from my personal observations, my review of financial and other records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that sufficient probable cause for

a criminal complaint and does not set forth all of my knowledge about this matter. I have not, however, knowingly withheld any information necessary to a determination of probable cause.

**STATEMENT OF PROBABLE CAUSE**

11. On November 29, 2023, the NCCPD responded to the 7-11 convenience store located at 60 South Gerald Drive in Newark, Delaware based on the reported theft of a vehicle. Responding officers were advised by Eric Pennywell ("Pennywell"), the vehicle owner, that his one-year-old daughter ("the Minor") was in her car seat in the rear passenger side of the vehicle when it was stolen.

12. NCCPD collected available video footage from the 7-11 and surrounding businesses. During a review of video collected from the Smoke Land Outlet and Mini Mart ("Smoke Land")—a store in the area of the 7-11—a black Nissan Kicks vehicle bearing Pennsylvania registration MFD1841 ("the Target Vehicle") was observed entering the parking lot of the business prior to the theft. A male is observed exiting the vehicle and entering Smoke Land to make a purchase. Video from the exterior of Smoke Land shows the male returning to the Target Vehicle and handing an object to another male, who is in the driver's seat. This other male then moves from the driver's seat of the vehicle while the male that entered the shop enters the driver's seat of the vehicle. The male who exited the driver's side of the vehicle then walks toward the 7-11. A review of the 7-11 exterior video depicts that male walking up to the Stolen Vehicle at 5:26pm. The male enters the Stolen Vehicle and drives away. Interior video of the 7-11 depicts Pennywell leaving the store at 5:28pm and returning inside the store when he discovers his vehicle is gone.

13. As a result of the reported theft of the vehicle containing the Minor, an Amber Alert was issued for Delaware and surrounding states that same evening. Witness interviews and surveillance footage then revealed the following details.

14. At approximately 6:18pm, a male driving the Stolen Vehicle entered the parking lot of the Plaza Americana, located at 2727 North American Street in Philadelphia, Pennsylvania. The male exited the vehicle and approached a witness ("the Witness"). According to the Witness, the male informed him that he had just bought a stolen vehicle and he realized there was a child inside. The male asked the Witness to take the child. Without waiting for an answer, the male removed the car seat containing the child and placed her on the ground. The male then got back inside the Stolen Vehicle and drove away. The Witness called the Philadelphia Police, who responded along with EMS. EMS recovered the Minor and took her to the hospital. She was reunited with her parents that same evening.

15. Shortly after the Minor was recovered, the Philadelphia Police conducted a traffic stop on the Target Vehicle, based on a law enforcement notification that the vehicle was used in a bank robbery on November 27, 2023—two days prior to the theft of the Stolen Vehicle. Two males were inside the vehicle: PURNELL and DOUGLAS. They were arrested based on out-of-state warrants and taken into custody in Philadelphia. The Target Vehicle was impounded and eventually transferred to the custody of NCCPD based on its involvement in the theft of the Stolen Vehicle.[1]

[1] As explained in Paragraph 12, *supra*, video footage from Smoke Land shows that the male who took the Stolen Vehicle came out of the Target Vehicle to do so.

16. The following day, November 30, 2023, detectives from NCCPD interviewed PURNELL. During the interview, PURNELL admitted to taking the Stolen Vehicle and to dropping the child off at the Plaza Americana in Philadelphia. He explained that he saw the vehicle running in the 7-11 parking lot and took the vehicle. PURNELL stated he drove directly to northern Philadelphia, and that he saw the child in the back of the vehicle when he was exiting I-95. PURNELL explained that the child did not make a sound while he was driving, and he only noticed her when he began looking in the back seat for money. PURNELL claimed he never would have stolen the vehicle if he knew there was a child inside. PURNELL also confirmed that he had a cell phone on him the date of the theft. PURNELL stated he abandoned the Stolen Vehicle shortly after dropping off the Minor and called DOUGLAS to come pick him up.

17. NCCPD detectives also interviewed DOUGLAS. DOUGLAS admitted to being with PURNELL in Delaware, admitted to making the Smoke Land purchase, and admitted to his knowledge of the theft of the vehicle, but refused to speak in any further detail about the theft. DOUGLAS did state, however, that he owns a purple iPhone in a clear case (Target Device 1).

18. Based on a state of Delaware search warrant, NCCPD conducted a search of the Target Vehicle, from which PURNELL and DOUGLAS were arrested. Located in the vehicle were three cell phones: the TARGET DEVICES. Also located therein was a black jacket, in the pocket of which was a wallet containing the identification of Pennywell, the owner of the Stolen Vehicle and father of the missing minor. NCCPD collected the Target Devices and currently maintains them in their possession. TARGET DEVICE 1 was discovered in the driver's area, and TARGET DEVICE 2 and TARGET DEVICE 3 were discovered in the front passenger seat.

19. Based on training and experience, Your Affiant knows that criminals commonly use text and video messaging cellular phone applications (e.g., Facetime, WhatsApp, Signal, Telegram) and social media applications (e.g., Facebook, Instagram, and Snapchat) to communicate with other criminals. Your Affiant also knows that in many cases, the only possible means to review and capture the messages and contact logs from these applications is to recover and extract the physical cellular device; in this case the TARGET DEVICES.

20. There is probable cause to believe that PURNELL and DOUGLAS engaged in the TARGET OFFENSES, and thus that they may have used the TARGET DEVICES before and during the interstate transportation of the Stolen Vehicle, and thus that there will be evidence of the TARGET OFFENSES on such devices. Specifically, the TARGET DEVICES are likely to provide insight into the mens rea of PURNELL and DOUGLAS both before and during commission of the theft. This is significant particularly for investigation of the kidnapping offense. Whether to charge PURNELL and DOUGLAS with kidnapping will likely turn on when they knew the child was in the car. PURNELL stated he did not notice the Minor in the car until later in the theft. However, the Minor is large for her age and was wearing bright pink; it is unlikely she would have gone unnoticed for such a length of time. The Minor was not abandoned until almost an hour after the theft.

21. PURNELL and DOUGLAS have been charged in the State of Delaware with Second Degree Kidnapping, Vehicle Theft, and Child Endangerment.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

22. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate electronically stored information that might serve as direct evidence of the crimes described on the warrant. There is probable cause to believe that this forensic electronic evidence might be on the TARGET DEVICES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the TARGET DEVICES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

**CONCLUSION**

25. Based on the foregoing, I request that the Court issue the proposed search warrant. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is good cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

*/s/ Joseph Oliver*
Joseph M. Oliver
Special Agent
Federal Bureau of Investigation (FBI)

Sworn to me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 on this 5th day of December, 2023.

Christopher J. Burke
HONORABLE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**
**PROPERTY TO BE SEARCHED**

| *Target Device* | *Reference* |
|---|---|
| Purple iPhone 13 in a clear case | TARGET DEVICE-1 |
| Black Cloud Mobile cellular phone | TARGET DEVICE-2 |
| Black Nokia cellular phone with cracked screen | TARGET DEVICE-3 |

Pictures of the TARGET DEVICES are below:



**ATTACHMENT B**
**INFORMATION TO BE SEIZED**

1. All records on the TARGET DEVICES described in Attachment A that relate to violations of Title 18, United States Code, Sections 371, 2312 and 1201 (Conspiracy, Transportation of Stolen Vehicles, and Kidnapping) ("the TARGET OFFENSES"), for the time period of **November 29, 2023**, regardless of the application used to create, store, or share same, including:

a. Text messages and other electronic communications (including but not limited to MMS messages, SMS messages, FaceTime information, and Facebook messages) regarding violations of the TARGET OFFENSES;

b. contact lists and related identifying information;

c. call logs; and

d. location information.

2. Evidence of user attribution showing who used, controlled, or owned the TARGET DEVICES at the time the things described in this warrant were created, edited, or deleted; such as logs, phonebooks, saved usernames and passwords, documents, communications, audio files, video files, social media accounts and posts, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.